

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-12-2004

# Frederick v. Kyler

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1313

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Frederick v. Kyler" (2004). *2004 Decisions*. Paper 713.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/713

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-1313
_____

EDWARD LEE FREDERICK,

Appellant

v.

KENNETH D. KYLER,
SUPERINTENDENT

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

(Dist. Court No.  00-cv-00378E)
District Court Judge: Hon. Sean J. McLaughlin

Argued: January 13, 2004

Before: ALITO, CHERTOFF, and BECKER, <u>Circuit Judges</u>

(Opinion Filed: May 12, 2004)

SHELLEY STARK
Federal Public Defender
1111 Renaissance Centre
1001 State Street
Erie, PA 16501

THOMAS W. PATTON (argued)
Asst. Federal Public Defender
1111 Renaissance Centre
1001 State Street

Erie, PA 16501

*Counsel for Appellant*

MICHAEL D. ALFIERI, ESQ. (argued)
Assistant District Attorney
McKean County District Attorney's Office
McKean County Courthouse
Smethport, PA 16749

*Counsel for Appellee*

_____

OPINION OF THE COURT
_____

PER CURIAM:

This is an appeal from an order denying Edward Lee Frederick's petition for a writ of habeas corpus. In his petition, Frederick claimed, among other things, that he was denied the effective assistance of counsel at trial because his attorney allegedly denied him the opportunity to testify in his own defense. We hold that the only issue that is properly before us regarding Frederick's failure to take the stand at his trial is the issue whether his trial counsel rendered ineffective assistance, in violation of the Sixth Amendment. Applying the standard of Strickland v. Washington, 466 U.S. 688 (1984), we further hold that, even if trial counsel was ineffective, Frederick was not prejudiced, and therefore Frederick's ineffective assistance claim was properly denied.

**I.**

In January 1983, following a trial by jury, Frederick was convicted of the first-degree murder of his girlfriend, Karen Meeker, and he is currently serving a sentence of life imprisonment. The evidence at trial showed that Frederick shot Meeker in the abdomen with a shotgun and left her by the side of a rural road where she was discovered by a passing motorist. Meeker identified Frederick as the shooter to a passing motorist, the ambulance crew, medical personnel, police, and family members. Meeker later died during the course of surgery.

At Frederick's trial, the Commonwealth called 29 witnesses, nine of whom had engaged in conversations with Meeker between the time when Frederick shot her and her death. In these conversations, Meeker identified Frederick as the person who had shot her. The Commonwealth also presented evidence concerning the relationship between Meeker and Frederick, evidence placing Frederick near the scene of the murder, and evidence related to the murder weapon.

Frederick did not take the stand. Under Pennsylvania law, if Frederick had testified, the Commonwealth could have sought to introduce proof of his prior homicide conviction in rebuttal. See Commonwealth v. Bighum, 307 A.2d 255, 260 (Pa. Sup. Ct. 1973); Commonwealth v. Butler, 173 A.2d 468, 473-74 (1961). Some years earlier, Frederick had pled guilty to the voluntary manslaughter of a former girlfriend. For this offense, Frederick was sentenced to 6 ½ to 13 years of imprisonment. At Frederick's trial

for the Meeker murder, his attorney told him not to take the stand. Frederick's counsel gave this advice to avoid having Frederick's prior homicide conviction brought to the attention of the jury.

In this habeas proceeding, Frederick argues that his attorney erred in failing to advise him that a defendant has the right to testify even if the defendant's attorney disagrees with that tactic. Frederick contends that, if he had been so advised, he would have taken the stand and would have testified that he was severely intoxicated when he shot Meeker. This testimony, Frederick maintains, might have convinced the jury that he was unable to form the specific intent needed for conviction of first-degree murder.

## II.

Frederick's habeas petition was referred to a magistrate judge for a report and recommendation. Before turning to the merits of Frederick's petition, the magistrate judge concluded that Frederick's failure to exhaust state remedies should be excused due to inordinate delay (more than nine years) in Frederick's Post-Conviction Relief Act ("PCRA"), 42 Pa. C.S. §§ 9541-46, proceeding, which was still pending. In addition, because the Pennsylvania state courts had not adjudicated Frederick's claims on the merits, the magistrate judge concluded that the restrictive standards of review set out in 28 U.S.C. § 2254(d) did not apply, and the magistrate judge instead applied "pre-AEDPA independent judgment." The magistrate concluded, however, that the only claim that should be entertained relating to Frederick's failure to testify was the claim that his

-4-

attorney rendered ineffective assistance, in violation of the Sixth Amendment. The magistrate noted that this was the only such claim that was presented in the PCRA petition or in Frederick's habeas petition. Although Frederick's attorney in the habeas proceeding attempted to raise a due process claim regarding trial counsel's conduct, the magistrate judge held that "Petitioner's claim regarding his right to testify [would be] reviewed as it was presented in his PCRA petition and his habeas petition; that is, as a claim that his counsel was ineffective for not allowing him to testify at trial." On the merits, the magistrate judge held that Frederick's right to the effective assistance of counsel had not been violated under the two-part test of Strickland v. Washington, 466 U.S. 668 (1984). The District Court adopted the magistrate judge's report and recommendation and denied Frederick's petition. Our Court granted a certificate of appealability "solely with respect to appellant's claim that counsel was ineffective for failing to allow him to testify and violated his right to testify by not advising him of his right to testify and not allowing him to do so."

Although our certificate of appealability was not strictly limited to the question whether Frederick was denied the effective assistance of counsel, our review of the claim that Frederick asserted in the state PCRA proceeding and in his federal habeas petition convinces us that the only claim that is properly before us is the ineffective assistance of counsel claim. We therefore restrict our discussion to that claim. We do not decide whether a defendant in Frederick's position can obtain habeas relief under any other

theory.

## III.

The Sixth Amendment provides that a criminal defendant shall have the right to "the Assistance of Counsel for his defence." As a general matter, a defendant alleging a Sixth Amendment ineffective assistance violation must show (1) that counsel's performance fell below an objective standard of reasonableness and (2) that it is reasonably probable that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." See Strickland, 466 U.S. at 687-91, 694.

In the present case, it is questionable whether Frederick can show that his attorney's performance was defective. If Frederick's attorney merely advised him not to testify, that tactical decision certainly would not have fallen below Strickland's standard of objective reasonableness. Frederick asserts that, if he had testified, he would have explained to the jury that, while he did in fact shoot Meeker, he did so while he was drunk and while they were fighting. Both of those facts had already been established by testimony from a bartender who served Frederick and by Meeker's statements to other people before she died. Thus, Frederick's testimony would not have brought new information to the jury's attention, and a competent trial attorney could have reasonably concluded in any event that a defense of voluntary intoxication was not likely to lead to an acquittal on the charge of first-degree murder. Moreover, had Frederick taken the stand, the prosecution could have sought to introduce proof of his prior homicide

conviction at the guilt phase of his trial, with potentially disastrous consequences. Thus, advising Frederick not to testify under the circumstances was not ineffective.

Frederick now claims, however, that his attorney did not simply advise him not to testify but led him to believe that he could not do so. Frederick asserts that his attorney did not inform him that he could have disregarded the attorney's advice. Unfortunately, Frederick's trial attorney is now dead, and Frederick's own testimony is apparently the only available evidence regarding the discussions between Frederick and his attorney on the question of Frederick's testifying. It is noteworthy, however, that there is nothing in the record indicating that Frederick informed his counsel that he disagreed with counsel's advice against testifying. Further, nothing in the record indicates that counsel took any type of active role in stopping Frederick from testifying other than advising against it. Frederick admitted that he never informed the trial court that he wished to testify.

We find it unnecessary to decide whether Frederick's habeas petition could properly be denied without an evidentiary hearing based on the first prong of <u>Strickland</u> because we are satisfied that Frederick cannot satisfy the second prong, that is, he has failed to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>See</u> <u>Strickland</u>, 466 U.S. at 694.

The testimony that Frederick now claims he would have given would not have been compelling. It would have added little for the jury to hear Frederick testify that he

was intoxicated when the jury had heard other testimony concerning the fact that he had been drinking. It would have added little for the jury to hear Frederick testify that he and Meeker had argued when the jury heard testimony from other witnesses concerning their argument. On the other hand, Frederick's prospects would have been damaged if the jury had heard at the guilt phase that he had previously been convicted of homicide. Thus, Frederick cannot show that there is a reasonable probability that but for counsel's alleged errors the outcome of the trial would have been different.

For these reasons, we affirm the order of the District Court.